Robert J. Herrington (SBN CA 234417)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Robert.Herrington@gtlaw.com

Gregory A. Nylen (SBN CA 151129)
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
nyleng@gtlaw.com

Attorneys for Defendant
REYNOLDS CONSUMER PRODUCTS LLC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZULAIKA MAYFIELD, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>REYNOLDS CONSUMER PRODUCTS LLC,<br><br>        Defendant. | CASE NO. 4:23-cv-04587-JST<br><br>Assigned for All Purposes to the Honorable Jon S. Tigar<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>[Proposed Order filed concurrently]<br><br>Date:    May 2, 2024<br>Time:   2:00 p.m.<br>Place:   Courtroom 6<br><br>Action Filed: September 7, 2023 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 2, 2024 at 2:00 p.m. in Courtroom 6 of the above-captioned Court, located at 1301 Clay Street, Oakland, California 94612, Defendant Reynolds Consumer Products, LLC ("Defendant" or "Reynolds") will and hereby does respectfully move for an order dismissing Plaintiff Zulaika Mayfield's ("Mayfield" or "Plaintiff") Complaint and claims for equitable relief and punitive damages under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and alternatively striking Plaintiff's claims for equitable relief and punitive damages under Rule 12(f).

### STATEMENT OF RELIEF SOUGHT

Defendant seeks an order dismissing the Complaint and its claims for equitable relief and punitive damages in their entirety with prejudice.

### STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiffs' claims should be dismissed because the "Foil Made in the USA" statement is not misleading as a matter of law;

2. Whether Reynolds' "Foil Made in the USA" statement is protected under California's safe harbor doctrine;

3. Whether Plaintiffs fail to allege the required elements of an unjust enrichment claim;

4. Whether all of Plaintiff's claims for equitable relief are subject to dismissal because she fails to allege that she lacks an inadequate remedy at law; and

5. Whether Plaintiff alleges any plausible basis for seeking punitive damages.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and files in this matter, and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

DATED: March 1, 2024         GREENBERG TRAURIG, LLP

                             By: _____
                             Robert J. Herrington
                             Gregory A. Nylen
                             Attorneys for Defendant
                             REYNOLDS CONSUMER PRODUCTS LLC

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................... 7

II.  SUMMARY OF RELEVANT ALLEGATIONS IN THE COMPLAINT ......................... 8

III. LEGAL STANDARDS FOR MOTIONS TO DISMISS .................................................... 9

IV.  LEGAL ARGUMENT ....................................................................................................... 10

    A.   All Plaintiffs' Claims Fail Because the "Foil Made in the USA" Statement is Accurate. 10

    B.   Plaintiff's Claims Also Fail Because the Foil Made in U.S.A Statement is Protected by California's Safe Harbor Doctrine. ....................................................................... 11

    C.   Plaintiff Fails to Allege the Required Elements for an Unjust Enrichment Claim. ........... 13

    D.   All the Equitable Claims Are Subject to Dismissal Because Plaintiff Fails To Allege An Inadequate Remedy At Law. .............................................................................. 14

    E.   Plaintiff Alleges No Plausible Basis For Punitive Damages. .......................................... 15

V.   CONCLUSION .................................................................................................................. 17

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ablaza v. Sanofi-Aventis U.S. LLC*,
    No. 21-cv-01942-JST, 2022 WL 19517298 (N.D. Cal. July 12, 2022) ........................................... 14

*Alaei v. Rockstar, Inc.*,
    224 F. Supp. 3d 992 (S.D. Cal. 2016) ................................................................................... 8, 12

*Ananiev v. Aurora Loan Servs.*,
    LLC, No. C 12-2275 SI, 2012 WL 2838689 (N.D. Cal. 2012) ....................................... 16

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................................................ 10, 15

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1990) .............................................................................................. 9

*Barber v. Nestle USA, Inc.*,
    154 F. Supp. 3d 954 (C.D. Cal. 2015) ................................................................................ 12

*Bell Atl. Corp. v. Twombly ("Twombly")*,
    550 U.S. 544 (2007) .......................................................................................................... 9, 10

*Benson v. Kwikset Corp.*,
    152 Cal. App. 4th 1254 (2007 ................................................................................... 8, 11, 12, 13

*Celtech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ...................................................................................................... 11

*Cho v. Hyundai Motor Co.*,
    636 F. Supp. 3d 1149 (C.D. Cal. 2022) .............................................................................. 10

*Colgan v. Leatherman Tool Grp., Inc.*,
    135 Cal. App. 4th 663 (2006) ........................................................................................... 7

*Downey v. Public Storage, Inc.*,
    44 Cal. App. 5th 1103 (2020) .......................................................................................... 11

*Fayer v. Vaughn*,
    649 F.3d 1061 (9th Cir. 2011) .......................................................................................... 10

*Fitzpatrick v. Tyson Foods, Inc.*,
    No. 216CV00058JAMEFB, 2016 WL 5295955 (E.D. Cal. Sept. 27, 2016) .................... 12

*Garcia v. M-F Athletic Co.*,
    CIV. 11-2430 WBS GGH, 2012 WL 531008 (E.D. Cal. 2012) ....................................... 16

*Grimberg v. United Airlines, Inc.*,
   No. CV 22-8191-MWF (JCX), 2023 WL 2628708 (C.D. Cal. Jan. 10, 2023) ........................ 8, 15, 16

*Gudgel v. Clorox Co.*,
   514 F. Supp. 3d 1177 (N.D. Cal. 2021) .................................................................................. 14

*Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*,
   61 Cal. 4th 988 (2015) ........................................................................................................... 13

*Hrapoff v. Hisamitsu America, Inc.*,
   No. 21-cv-01943-JST, 2022 WL 2168076 (N.D. Cal. June 16, 2022) .................................. 14

*Kelley v. Corr. Corp. of Am.*,
   750 F. Supp. 2d 1132 (E.D. Cal. 2010) .................................................................................. 15

*Lee v. Nature's Path Food, Inc.*,
   2023 WL 7434963 (S.D. Cal. Nov. 9, 2023) .......................................................................... 14

*Marilao v. McDonald's Corp.*,
   No. 09-CV-01014-H, 2009 WL 3007368 (S.D. Cal. Sept. 21, 2009) .................................... 14

*McMurray v. Merck & Co.*,
   No. C 07 1007 MMC, 2007 WL 1456042 (N.D. Cal. May 17, 2007) ................................... 16

*Moreno v. Vi-Jon, LLC*,
   No. 20CV1446 JM (BGS), 2023 WL 4611823 (S.D. Cal. July 18, 2023) ............................ 10

*Perez v. Auto Tech. Co.*,
   13-06728-MMM, 2014 WL 12588644 (C.D. Cal. July 14, 2014) ......................................... 15

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
   494 F.3d 788 (9th Cir. 2007) .................................................................................................. 10

*Red v. Kraft Foods, Inc.*,
   No. CV 10-1028-GW(AGRx), 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) ................. 10, 11

*Russell v. Walmart, Inc.*,
   Case No. 22-cv-02813-JST, 2023 WL 4341460 (N.D. Cal. July 5, 2023) ............................. 13

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) .................................................................................................... 9

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) .................................................................................................. 17

*Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*,
   No. 14-CV-00362-BLF, 2014 WL 3705350 (N.D. Cal. July 24, 2014) ................................. 16

*Takahashi-Mendoza v. Cooperative Regions of Organic Producer Pools*,
   No. 22-cv-05086, 2023 WL 3856722 (N.D. Cal. May 19, 2023) .................................... 8, 14

*Xerox Corp. v. Far W. Graphics, Inc.*,
  No. 03-CV-4059-JF, 2004 WL 2271587 (N.D. Cal. Oct. 6, 2004) .................................................. 16

**Statutes**

Cal. Bus. & Prof. Code § 17533.7 ........................................................................................... 7, 8, 12

Cal. Bus. & Prof. Code §17533.7(a) ................................................................................................ 12

Cal. Civ. Code § 3294 ...................................................................................................................... 15

Cal. Civ. Code § 3294(a) .................................................................................................................. 15

Cal. Civ. Code §3294(b) ................................................................................................................... 16

**Other Authorities**

Federal Rules of Civil Procedure, Rule 8(a)(2) ................................................................................. 9

Federal Rules of Civil Procedure, Rule 12(b)(1) .......................................................................... 2, 10

Federal Rules of Civil Procedure, Rule 12(b)(6) ...................................................................... 2, 9, 10

Federal Rules of Civil Procedure, Rule 12(f) .................................................................................... 2

Restatement (Third) of Restitution & Unjust Enrichment § 1 cmt. b (Am. L. Inst. 2011) ......................................................................................................................................... 13

6   CASE NO. 4:23-cv-04587-JST
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case is about Reynolds Wrap aluminum foil. As Plaintiff acknowledges, the raw materials used to make the foil are procured, blended, and processed at a Reynolds manufacturing facility in Arkansas. The foil is then pressed, spooled, cut and boxed at a Reynolds facility in Kentucky, and the box includes a label stating, "Foil Made in U.S.A." Plaintiff alleges this statement is somehow deceptive because some of the raw materials used to make the foil allegedly are imported, while consumers supposedly believe that "Foil Made in the U.S.A." means that *all* the raw materials also are from the U.S. (Compl. ¶¶ 12-24.) Based on this allegation, Plaintiff asserts claims under California's Unfair Competition Law, False Advertising Law, Consumers Legal Remedies Act, and for unjust enrichment.

Plaintiff's claims fail as a matter of law and should be dismissed for five main reasons:

*First*, the "Foil Made in U.S.A." statement is accurate because the foil *is made* entirely in the U.S.A., and Plaintiff alleges no facts to the contrary. The terms "made" and "manufacture" describe the physical process of turning raw materials into goods. *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 685 (2006), as modified on denial of reh'g (Jan. 31, 2006). For Reynolds Wrap aluminum foil, Plaintiff acknowledges that the process of turning raw materials into Reynolds Wrap foil takes place entirely in the U.S.A., with the raw materials sourced in a variety of ways. Plaintiff does not identify any step in the manufacturing process that happens outside the United States.[1] Thus, under California law, Reynolds Wrap foil is made in the United States, and there is nothing misleading about the statement "Foil Made in U.S.A."

*Second*, Plaintiff's claims are barred because the "Foil Made in U.S.A." statement is protected under the safe harbor doctrine, which provides that a party cannot be liable under the UCL, CLRA or FAL based on conduct permitted by another statute. The "Foil Made in U.S.A." statement complies with California's Made in the U.S.A. statute, codified at California Business & Professions Code § 17533.7. Under this statute, Reynolds Wrap foil *is* made in the United States regardless of where the raw materials come from.

---

[1] Plaintiff alleges that the opposite is true. (Compl. ¶ 16 ("Assuming that all the processing of the bauxite into foil occurs in the United States, none or virtually none of the raw materials and components used in the Product are sourced in this country.")

*See Benson v. Kwikset Corp.*, 152 Cal. App. 4th 1254, 1272 (2007), *as modified on denial of reh'g* (July 26, 2007) ("[O]ne would not violate [section 17533.7] by making, manufacturing, or producing merchandise solely in the United States even though using *raw materials* acquired from a foreign source.") (emphasis in original). Thus, Plaintiff's claims fail under California law and should be dismissed. *See Alaei v. Rockstar, Inc.*, 224 F. Supp. 3d 992, 1000 (S.D. Cal. 2016) (dismissing UCL and CLRA claims as barred by the California safe harbor doctrine where the complaint was "bereft of any facts to suggest that there is an actionable claim under the current version of section 17533.7").

**Third**, Plaintiff's unjust enrichment claim fails because it is based on the same conduct underlying her statutory claims and should be dismissed because there is nothing deceptive or unjust about the "Foil Made in U.S.A" label because it is accurate.

**Fourth**, Plaintiff's claim for equitable relief should be dismissed because she fails to allege she lacks an adequate remedy at law. *Takahashi-Mendoza v. Cooperative Regions of Organic Producer Pools*, No. 22-cv-05086, 2023 WL 3856722, at *4 (N.D. Cal. May 19, 2023) ("Plaintiff does not plead that she lacks an adequate remedy at law.").

**Fifth**, Plaintiff's claim for punitive damages because she does not allege any facts at all to support such relief. She doesn't allege that Reynolds acted willfully or maliciously or with conscious disregard for the safety of others or anything else—just a demand in paragraph G of the Prayer for Relief in her Complaint for "punitive and exemplary damages . . . ." Federal courts often dismiss punitive damage claims that are unsupported by facts, like those here. *Grimberg v. United Airlines, Inc.*, No. CV 22-8191-MWF (JCX), 2023 WL 2628708, at *3 (C.D. Cal. Jan. 10, 2023) ("[D]istrict courts often dismiss punitive damages claims for lack of specificity.").

For all these reasons, Plaintiff's claims should be dismissed.

## II. SUMMARY OF RELEVANT ALLEGATIONS IN THE COMPLAINT

Reynolds makes aluminum foil at facilities in the United States, and the foil is sold to consumers by third-party retailers. (Compl., ¶¶ 1, 16, 52.) Reynolds Wrap packaging states: "Foil Made in U.S.A." (*Id.*, ¶ 1.) Plaintiff alleges she bought Reynolds Wrap at Walgreens locations around San Francisco "between July 2020 and June 2023, among other [unspecified] times," and that she supposedly paid a "price premium

compared to other similar products" (*id.*, ¶¶32, 40), but does not allege what she paid, what other foil she considered buying, or what the price should have been if the box did not state, "Foil Made in U.S.A."

Plaintiff asserts that the "Foil Made in U.S.A." claim supposedly is misleading because the foil allegedly is made with imported raw materials. (Compl., ¶33 ("Plaintiff believed the Product was 'Made in U.S.A.,' understood to mean not only were the **raw materials** for the Product converted and transformed in the U.S.A., but the **raw materials** were sourced in the country."); ¶34 ("Plaintiff bought the Product because she expected it was 'Make in U.S.A., understood to mean no only were the **raw materials** for he Products converted and transformed in the U.S.A., but the **raw materials** were sourced within this country because that is what the representations said and implied"); ¶39 ("Plaintiff was disappointed because she believed the Product was made in the U.S.A., understood to mean not only were the **raw materials** for the Product converted and transformed in the U.S.A., but the **raw materials** were sourced within this country. In fact, however, all or virtually all of the bauxite used in the Product was obtained from sources outside of the United States.") But Plaintiff does not allege that that any step in the manufacturing process happens outside the United States, and she expressly assumes the opposite is true. (*See id.*, ¶16 ("**Assuming that all the processing of the bauxite into foil occurs in the United States,** none or virtually none of the raw materials and components used in the Product are sourced in this country.") (emphasis added).

Plaintiff's claims are thus all based on the notion that the "Foil Made in U.S.A." is somehow deceptive because consumers would take this to mean that the "raw materials" for Reynolds Wrap foil are from sources in the United States. But that position is contrary to California law.

### III. <u>LEGAL STANDARDS FOR MOTIONS TO DISMISS</u>

"Dismissal under [Federal Rule of Civil Procedure] Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly ("Twombly")*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks and citation omitted). To survive a Rule

12(b)(6) motion, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. Rather, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

"Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject-matter jurisdiction. 'Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss.'" *Cho v. Hyundai Motor Co.*, 636 F. Supp. 3d 1149, 1159 (C.D. Cal. 2022) (citation omitted). "In the context of a 12(b)(1) motion, the plaintiff bears the burden of establishing Article III standing to assert the claims." *Id*.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In other words, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks and citation omitted). The Court also "need not accept conclusory allegations of law or unwarranted inferences, and dismissal is required if the facts are insufficient to support a cognizable claim." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007); *see also Twombly*, 550 U.S. at 555.

IV.     **LEGAL ARGUMENT**

   A.     **All Plaintiffs' Claims Fail Because the "Foil Made in the USA" Statement is Accurate.**

"[T]o state a claim under the UCL, FAL, or CLRA, Plaintiff must plausibly allege that [Reynolds's] representations are likely to deceive a reasonable consumer." *Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW(AGRx), 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012). "Because the 'reasonable consumer' inquiry is an objective standard, claims may be dismissed as a matter of law where an alleged statement ... in context, is such that no reasonable consumer could be misled in the manner claimed by the plaintiff." *Moreno v. Vi-Jon, LLC*, No. 20CV1446 JM (BGS), 2023 WL 4611823, at *7 (S.D. Cal. July 18, 2023) (quoting *Vitt v. Apple Comput.*, No. CV 06-7152-GW (FMOx), 2010 U.S. Dist. LEXIS 150550, at *7 (C.D. Cal. May 21, 2010)). Thus, there is no liability for an accurate and non-misleading statement. *See Moreno*,

2023 WL 4611823, at *7 ("[H]and sanitizer is called hand sanitizer for a reason. Consumers purchase hand sanitizer, to, well, sanitize their hands."); *Red*, 2012 WL 5504011, at *3 (holding that it strains credulity to imagine that a reasonable consumer will be deceived into thinking a box of crackers is healthful or contains huge amounts of vegetables simply because there are pictures of vegetables and the *true phrase* 'Made with Real Vegetables' on the box"). (emphasis added).[2]

Plaintiff claims that Reynolds Wrap aluminum foil cannot be labeled "Foil Made in the U.S.A." because this statement supposedly misleads reasonable consumers. (Compl. ¶¶1, 84, 97, 107.) Specifically, Plaintiff alleges that using the term "Foil" in the phrase "*Foil* Made in the U.S.A." is "insufficient to qualify the 'Made in U.S.A.' claim because (a) consumers are not familiar with the sources of bauxite," (*Id*. ¶19), (b) "[r]easonable consumers do not understand Defendant's claim to refer only to the transformation of bauxite into aluminum foil" (*Id*. ¶20), and (c) "[a]ssuming Defendant processes and transforms bauxite into aluminum foil in the United States, using American workers, the claim does not state this." (*Id*. ¶21.) Plaintiff's contentions, however, defy California law. The terms "made" and "manufacture" describe the physical process of turning raw materials into goods. *See Benson* 152 Cal. App. 4th at 1272. For Reynolds Wrap aluminum foil, the process of turning raw materials into finished goods takes place entirely in the USA. Plaintiff does not allege *any step* in the manufacturing process that happens outside the United States, nor could she. (Compl. at ¶16) ("Assuming that all the processing of the bauxite into foil occurs in the United States, none or virtually none of the raw materials and components used in the Product are sourced in this country.") (emphasis added). Thus, as a matter of California law, there is nothing misleading about using "Foil Made in the USA" on Reynolds Wrap foil because the product *is* made entirely in the USA.

### B. Plaintiff's Claims Also Fail Because the Foil Made in U.S.A Statement is Protected by California's Safe Harbor Doctrine.

Under the safe-harbor doctrine, a party cannot violate the UCL, CLRA or FAL based on conduct permitted by another statute. *Celtech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999) ("[s]pecific legislation may limit the judiciary's power to declare conduct unfair. If the Legislature has

---

[2] *See also Downey v. Public Storage, Inc.*, 44 Cal. App. 5th 1103, 1115 (2020) ("Unless the advertisement is deceptive, the advertisement does not constitute a 'fraudulent' business practice or false advertising").

permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination. . . .[w]hen specific legislation provides a "safe harbor," plaintiffs may not use the general unfair competition law to assault that harbor."); *see also Barber v. Nestle USA, Inc.*, 154 F. Supp. 3d 954, 961-62 (C.D. Cal. 2015), *aff'd*, 730 F. App'x 464 (9th Cir. 2018) (holding that the safe harbor doctrine barred UCL, FAL, and CLRA claims for inadequate disclosure because the California Legislature required only limited disclosures).

Federal courts applying the safe harbor rule have dismissed claims under the UCL, CLRA, and FAL when the allegations fail to show a plausible violation of California's MIUSA statute. *See, e.g.*, *Alaei*, 224 F. Supp. 3d at 1000 (citing *Lopez v. Nissan N. Am. Inc.*, 201 Cal. App. 4th 572, 594 (2011) (dismissing UCL an CLRA claims under safe harbor doctrine when complaint was "bereft of any facts to suggest that there is an actionable claim under the current version of section 17533.7"); *Fitzpatrick v. Tyson Foods, Inc.*, No. 216CV00058JAMEFB, 2016 WL 5295955, *5 (E.D. Cal. Sept. 27, 2016), aff'd, 714 F. App'x 797 (9th Cir. 2018) (dismissing UCL and CLRA claims because "California's safe harbor doctrine applies" given that plaintiff's allegations failed to plead "facts actionable under [section 17533.7]").

California's MIUSA statute provides that "It is unlawful for any person, firm, corporation, or association to sell or offer for sale in this state any merchandise on which merchandise or on its container there appears the words 'Made in U.S.A.,' 'Made in America,' 'U.S.A.,' or similar words if the *merchandise or any article, unit, or part thereof*, has been entirely or substantially made, manufactured, or produced outside of the United States." Cal. Bus. & Prof. Code §17533.7(a) (emphasis added). **However,** "one would not violate [section 17533.7] by making, manufacturing, or producing merchandise solely in the United States even though using raw materials acquired from a foreign source.'" *Benson*, 152 Cal. App. 4th at 1272. In other words, one can label products as "Made in U.S.A." even though they incorporate foreign sourced *raw materials* without violating section 17533.7.

Here, as noted above, Plaintiff admits that Reynolds Wrap *foil* is made in the United States in her allegations. (Compl. ¶16.) Plaintiff claims she was deceived because the foil supposedly contains foreign-

sourced raw materials that she believed were sourced domestically.[3] But again, the source of raw materials is not relevant to where the finished goods are "made." *See Benson*, 152 Cal. App. 4th at 1272. Because Reynolds complied with the MIUSA statute in labeling its foil as "Made in U.S.A.," this statement is protected under the safe harbor doctrine, and Plaintiff's claims should be dismissed on this ground as well.

### C. Plaintiff Fails to Allege the Required Elements for an Unjust Enrichment Claim.

To state a claim for unjust enrichment, "a plaintiff must show that a defendant received and unjustly retained a benefit at the plaintiff's expense." *Russell v. Walmart, Inc.*, Case No. 22-cv-02813-JST, 2023 WL 4341460, at *2 (N.D. Cal. July 5, 2023). "Restitution is not mandated merely because one person has realized a gain at another's expense," "[r]ather, the obligation arises when the enrichment obtained lacks any adequate legal basis and thus 'cannot conscientiously be retained.'" *Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 1000, 190 Cal.Rptr.3d 599, 353 P.3d 319 (2015) (quoting Restatement (Third) of Restitution & Unjust Enrichment § 1 cmt. b (Am. L. Inst. 2011)). Plaintiff must allege sufficient facts to show "that a defendant has been *unjustly* conferred a benefit 'through mistake, fraud, coercion, or request.'" *Russell*, 2023 WL 4341460, at *2 (citing *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (emphasis in original)).

Plaintiff's unjust enrichment claim is based on the conclusory allegation that Reynolds was "enriched at the expense of Plaintiff" because of supposedly "deceptive, fraudulent, and misleading labeling, advertising, marketing and sales" of Reynolds aluminum foil. (Compl. ¶ 116.) But as explained above, "Foil

---

[3] *See* Compl. ¶33 ("Plaintiff believed the Product was 'Made in U.S.A.,' understood to mean not only were the **raw materials** for the Product converted and transformed in the U.S.A., but the **raw materials were sourced in the country**.") (emphasis added);¶ 34 ("Plaintiff bought the Product because she expected it was 'Make in U.S.A., understood to mean no only were the **raw materials** for the Products converted and transformed in the U.S.A., but the **raw materials were sourced within this country** because that is what the representations said and implied") (emphasis added); ¶36 ("Plaintiff is one of the many Americans who seeks to buy American and understands 'Made in U.S.A.' without qualifications to mean all or virtually all of a product, including its **raw materials**, were made in, and sourced from, the United States.") (emphasis added); ¶37 ("Plaintiff did not expect a product, especially from the Reynolds brand, would promise it was 'Made in U.S.A.' even though all or virtually all of the **raw materials** used were from outside the United States") (emphasis added); ¶39 ("Plaintiff was disappointed because she believed the Product was made in the U.S.A., understood to mean not only were the **raw materials** for the Product converted and transformed in the U.S.A., but the **raw materials** were sourced within this country.").

Made in U.S.A." is not deceptive or misleading as a matter of law because it accurately states where the foil is made, as Plaintiff's allegations concede. Plaintiff's unjust enrichment claim fails for this reason as well.[4]

### D. All the Equitable Claims Are Subject to Dismissal Because Plaintiff Fails To Allege An Inadequate Remedy At Law.

"Under 'traditional principles governing equitable remedies in federal courts,' Plaintiff 'must establish that she lacks an adequate remedy at law' before securing equitable relief under the UCL and CLRA." *Takahashi-Mendoza v. Cooperative Regions of Organic Producer Pools*, No. 22-cv-05086, 2023 WL 3856722, at *4 (N.D. Cal. May 19, 2023) (quoting *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).") "'[M]ost district courts applying Sonner have ... 'understood it to require that a plaintiff must, at a minimum, *plead* that she lacks adequate remedies at law if she seeks equitable relief.'" *Takahashi-Mendoza*, 2023 WL 3856722, at *4 (quoting *Johnson v. Trumpet Behavioral Health, LLC*, No. 21-cv-3221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022) (emphasis in original) (internal citation omitted). Thus, if Plaintiff does not affirmatively allege a lack of an adequate remedy at law, Plaintiff's equitable claims must be dismissed. *Id.*; *see also Hrapoff v. Hisamitsu America, Inc.*, No. 21-cv-01943-JST, 2022 WL 2168076, at *6 (N.D. Cal. June 16, 2022) ([T]he Court will grant Hisamitsu's motion to dismiss Plaintiffs' equitable claims because Plaintiffs' amended complaint does not allege that they lack an adequate remedy at law."); *Ablaza v. Sanofi-Aventis U.S. LLC*, No. 21-cv-01942-JST, 2022 WL 19517298, at *3 (N.D. Cal. July 12, 2022) ("the Court will grant Sanofi's motion to dismiss Plaintiffs' equitable claims because the FAC does not allege that Plaintiffs lack an adequate remedy at law.").

---

[4] *See Lee v. Nature's Path Food, Inc.*, 2023 WL 7434963, at * (S.D. Cal. Nov. 9, 2023) ("Plaintiff's claim for unjust enrichment is based on Plaintiff's other [UCL, CLRA, and FAL] claims .. because the Court has dismissed those other claims with prejudice, Plaintiff's claim for unjust enrichment fails, and the Court dismissed the claim with prejudice as well."); *Gudgel v. Clorox Co.*, 514 F. Supp. 3d 1177, 1188 (N.D. Cal. 2021) ("As to unjust enrichment, Clorox argues that plaintiff 'does not identify any independent theory of unjust enrichment that does not rise or fall with her statutory claims. The court agrees, and finds that plaintiff's failure to identify an actionable deception in the context of the 'reasonable consumer' test also requires the dismissal of her unjust enrichment claim."); *Marilao v. McDonald's Corp.*, No. 09-CV-01014-H, 2009 WL 3007368, at *5 (S.D. Cal. Sept. 21, 2009) (To the extent that Plaintiff alleges a cause of action for unjust enrichment based on the alleged deceptive and misleading gift card language, the Court grants McDonald's motion to dismiss, as Plaintiff's UCL claim based on this conduct fails.")

Plaintiff does not allege that she lacks an adequate remedy at law. Nor could she, as she expressly seeks damages based on the same conduct, highlighting that she has an adequate legal remedy. (*See* Compl. ¶ 113) ("Plaintiff seeks declaratory relief, injunctive relief, **monetary damages**, restitution and/or disgorgement, reasonable attorneys' fees and costs, and such other and further relief as the Court may deem just and proper"); Prayer for Relief at ¶E ("[A]warding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law"). Thus, Plaintiff's UCL and FAL claims and her requests for restitution and injunctive relief (*see* Compl. ¶¶74-75, 91, 102, 113, Prayer ¶¶D, F) should be dismissed or stricken because Plaintiff pleads an adequate legal remedy. (*Id.* ¶113, Prayer ¶E.)

### E. Plaintiff Alleges No Plausible Basis For Punitive Damages.

When a plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover [punitive] damages." Cal. Civ. Code § 3294(a). Although federal courts apply state substantive law to requests for punitive damages, "federal courts sitting in diversity jurisdiction apply ... federal procedural law." *Grimberg*, 2023 WL 2628708, at *3. A "majority of [federal] courts [hold] that allegations supporting a claim of punitive damages must be alleged with sufficient specificity to satisfy the *Iqbal/Twombly* standards, as there simply is no principled reason to depart with Supreme Court precedent on the issue." *Id.* (citing numerous cases, including *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2010) (applying the federal *Iqbal* standard to claims for punitive damages under California Civil Code section 3294 because the court could "see no basis" not to apply Supreme Court precedent and because the *Iqbal/Twombly* standard "more closely approximate[s] [the heightened pleading] standards that are well established in California law" for punitive damages).

Thus, "district courts often dismiss punitive damages claims for lack of specificity." *Grimberg*, 2023 WL 2628708, at *3 (citing *Kelley*, 750 F. Supp. 2d at 1147-48 (dismissing claim for punitive damages because the plaintiff's "bare characterization of Defendant's motives as evil" were unsupported by allegation of any specific facts); *Perez v. Auto Tech. Co.*, 13-06728-MMM (VBKx), 2014 WL 12588644, at *6 (C.D. Cal. July 14, 2014) (dismissing claim for punitive damages because the plaintiff failed to support her

conclusory allegations with sufficient facts, where she alleged that defendant acted with malice and oppression and a "conscious disregard" for the safety of others); *Ananiev v. Aurora Loan Servs.*, LLC, No. C 12-2275 SI, 2012 WL 2838689, at *7 (N.D. Cal. 2012) ("The Court ... agrees with [the] defendants that there are no factual allegations supporting a claim for punitive damages ... [the] plaintiff may not simply include conclusory allegations of fraud, malice or oppression."); *Garcia v. M-F Athletic Co.*, CIV. 11-2430 WBS GGH, 2012 WL 531008, at *4 (E.D. Cal. 2012) ("Nothing [the] plaintiff alleges in the FAC suggests how it is that defendants here acted in a despicable manner such that they should be forced to pay punitive damages above and beyond the damages normally assessed.")."

Plaintiff seeks punitive damages in paragraph G of the Prayer for Relief. Yet she does not allege *any* facts to support that request. She does not allege that Reynolds acted willfully with malice or oppression or a conscious disregard for the safety of others, or any facts to support such conclusions. Her "Complaint does not even plead conclusory allegations – let alone specific allegations – of the basic elements required to establish an entitlement to punitive damages under California law." *Grimberg*, 2023 WL 2628708, at *4.

Even if Plaintiff did allege such facts, her claim for punitive damages still would fail because she does not (and cannot) allege that any individual at Reynolds acted willfully or maliciously towards her. *See* Cal. Civ. Code §3294(b) ("the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation."); *Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*, No. 14-CV-00362-BLF, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014) ("[A] company simply cannot commit willful and malicious conduct—only an individual can."); *Xerox Corp. v. Far W. Graphics, Inc.*, No. 03-CV-4059-JF, 2004 WL 2271587, at *2 (N.D. Cal. Oct. 6, 2004) (Court found the pleadings defective because the plaintiff failed to "allege any conduct by an officer, director or managing agent of [the defendant] sufficient to support the imposition of punitive damages against [the defendant]."); *McMurray v. Merck & Co.*, No. C 07 1007 MMC, 2007 WL 1456042, at *2 (N.D. Cal. May 17, 2007) ("Plaintiff has failed to plead the allegedly wrongful conduct was authorized or ratified by an officer, director or managing agent of defendant.") (citing Cal. Civ.Code § 3294(b); *Scannell v. County of Riverside*, 152 Cal. App. 3d 596, 614 (1984)). Because Plaintiff cannot allege such facts in good faith, her claim for punitive damages should be dismissed with prejudice.

## V. CONCLUSION

Plaintiff's claims all have fatal defects and should be dismissed. She fails to plausibly allege that the "Foil Made in U.S.A." statement is deceptive or misleading in any way given that her allegations assume the premise that Reynolds does, in fact, manufacture the aluminum foil entirely in the United States, which is accurate. Similarly, Plaintiff's allegations confirms that the "Foil Made in U.S.A." statement complies with the California MIUSA statute, which results in the safe harbor doctrine barring all claims. She also doesn't plead the requirements for her unjust enrichment claim. Plaintiff's claims for equitable relief are barred under *Sonner* because she fails to plead that she lacks an adequate remedy at law. And her claim for punitive damages fails to allege any facts at all supporting such relief. In short, the Complaint should be dismissed with prejudice.

DATED: March 1, 2024                          GREENBERG TRAURIG, LLP

By _____
Robert J. Herrington
Gregory A. Nylen
Attorneys for Defendant REYNOLDS CONSUMER PRODUCTS LLC